UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

John Flynn, Sr., Leona Flynn, Joseph Sheehan, M.D., John Flynn, Jr., Elaine Flynn, Fox Rock LLC, Anna Livia LLC, The Bloomsday Trust (c/o Lewis F. Crippen, Trustee), Blackrock Medical Corporation, Haytonvale Properties Ltd., Mountville Developments Ltd., Lakebridge Ltd., NESCO Ltd., Pamerette Ltd., Industrial Yarns Ltd., Benray Ltd., Trefon Ltd., Coolbrook Developments Ltd., Aruba Properties Ltd., Kilberry Ltd., Tibany Properties Ltd., Bluecrown Ltd., Komady & Michael O'Reilly Trading as Belgard Retail Park Ltd., Stonewood Developments, Mallia Properties Ltd., Island Associates Ltd., Pizzaro Developments Ltd., Fusano Properties Ltd. and Bellpark Developments Ltd.,

        Plaintiffs,

    v.

Irish Bank Resolution Corporation (f/k/a Anglo Irish Bank Corporation PLC), National Asset Management Agency, Successors to Anglo Irish Bank Corporation Ltd., Tiarnan O'Mahoney, Arthur Michael Royal Aynsley, KPMG LLP and Brendan McDonagh,

        Defendants.

13 CV 3882 (NRB)

**NOTICE OF COMMENCEMENT OF CHAPTER 15 PROCEEDING AND STAY OF LITIGATION**

---------------------------------------------------------------

## NOTICE OF COMMENCEMENT OF CHAPTER 15 PROCEEDING AND STAY OF LITIGATION

**PLEASE TAKE NOTICE** that on August 26, 2013, Kieran Wallace and Eamonn Richardson, in their capacity as the foreign representatives of defendant Irish Bank Resolution Corporation Limited (In Special Liquidation) ("**IBRC**"), filed a petition (the "**Chapter 15 Petition**") under Chapter 15 of title 11 of the United States Code, 11 U.S.C. §§ 101-1521 (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the District of

Delaware (the "**Bankruptcy Court**"), Case No. 13-12159 (CSS), seeking recognition of IBRC's liquidation proceeding in Ireland.

**PLEASE TAKE FURTHER NOTICE** that on September 23, 2013, the Bankruptcy Court entered the Order Granting Provisional Relief (the "**Provisional Order**," attached hereto as **Exhibit A**). The Provisional Order provides that pending the disposition of the Chapter 15 Petition, section 362 of the Bankruptcy Code is made applicable to IBRC within the territorial jurisdiction of the United States and all property of IBRC located within the territorial jurisdiction of the United States.

**PLEASE TAKE FURTHER NOTICE** that pursuant to section 362(a) of the Bankruptcy Code, the stay prevents all parties from, *inter alia*, commencing or continuing any pre-petition litigation, taking any action to obtain possession or control over property of IBRC, or taking any action to enforce or collect a judgment. Violations of the automatic stay are punishable as contempt of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that the Provisional Order is effective against the plaintiffs in this case, pending a further evidentiary hearing with respect to the effectiveness of the Provisional Order with respect to such parties and matters, subject to

extension, modification or termination of the relief by the Bankruptcy Court at such hearing, which is scheduled to commence at 11:00 a.m. on October 8, 2013.

Dated:     September 24, 2013                    Linklaters LLP

By: _____
Paul S. Hessler
1345 Avenue of the Americas
New York, NY 10105
(212) 903-9000
(212) 903-9100 (fax)
*Attorneys for Irish Bank Resolution Corporation Ltd. (In Special Liquidation)*

**Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------x
:
In re: : Chapter 15
:
IRISH BANK RESOLUTION CORPORATION : Case No. 13-12159 (CSS)
(IN SPECIAL LIQUIDATION), :
: Related Docket Nos. 46, 72
Debtor in a foreign :
proceeding. :
:
:
------------------------------------x

### ORDER GRANTING PROVISIONAL RELIEF UPON FILING PETITION FOR RECOGNITION OF FOREIGN PROCEEDING PURSUANT TO 11 U.S.C. §§ 105(a) AND 1519

Upon the *Emergency Motion for Provisional Relief upon Filing Petition for Recognition of Foreign Proceeding Pursuant to 11 U.S.C. §§ 105(a) and 1519* (the "**Motion**")[1] of Kieran Wallace and Eamonn Richardson (the "**Foreign Representatives**" or the "**Special Liquidators**"), as the foreign representatives, as defined in section 101(24) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") for Irish Bank Resolution Corporation Limited ("**IBRC**" or the "**Debtor**") in this case under chapter 15 of the Bankruptcy Code, for entry of an order granting provisional relief as set forth herein; this Court having reviewed the Motion; this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, and the amended standing order of reference to bankruptcy judges dated February 29, 2012 signed by Chief Judge Gregory M. Sleet; and consideration of the Motion and the relief requested therein being a core

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

proceeding pursuant to 28 U.S.C. § 157(b); and the Court having determined that cause exists to grant the relief ordered herein, and after due deliberation,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED to the extent provided herein, subject to the provisions of paragraph 9 below and subject to the representations on the record at the September 20, 2013 hearing with respect to loans transactions with Castleway Properties, LLC and Walnut-Rittenhouse Associates, L.P.

2. Pending entry of an order recognizing the Irish Proceeding or denying recognition to the Irish Proceeding, section 362 of the Bankruptcy Code is applicable to the Debtor within the territorial jurisdiction of the United States and all property of the Debtor located within the territorial jurisdiction of the United States in the Chapter 15 Case consistent with section 1519(a)(1) of the Bankruptcy Code and subject to section 1519(f) of the Bankruptcy Code.

3. Pending disposition of the Verified Chapter 15 Petition, the Debtor, its representatives and the Foreign Representatives, acting in their capacity as Foreign Representatives for the Debtor, shall be prohibited, during the effectiveness of this Provisional Order, from transferring any assets of the Debtor held within the territorial jurisdiction of the United States outside the territorial jurisdiction of the United States absent further order of the Court. In addition, effective as of the date of this Provisional Order, the Debtor and the Foreign Representatives shall preserve books and records of the Debtor with respect to any assets of the Debtor within the territorial jurisdiction of the United States, including, but not limited to, any documents pertaining to loans made to all of the Flynn Plaintiffs as defined in Docket No. 34 and any interest charges thereon.

4. Nothing herein shall enjoin a police or regulatory act of a governmental unit, including a criminal action or proceeding against any party to the extent set forth in sections 362(b) and 1519(d) of the Bankruptcy Code.

5. Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, made applicable to these proceedings pursuant to Bankruptcy Rule 7065, no notice to any person is required prior to entry and issuance of this Provisional Order. The security provisions of Rule 65(c) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7065, are waived.

6. Notice of this Court's entry of this Provisional Order, along with a copy of this Provisional Order, shall be served by United States Postal Service first-class postage prepaid mail, within three (3) business days of the entry of this Provisional Order, upon: (i) the United States Trustee; (ii) all entities against whom provisional relief is being sought under section 1519 of the Bankruptcy Code; (iii) all other known parties located in the United States who claim interests in or liens upon the assets owned by IBRC in the United States; and (iv) all parties who have requested notice. Service of the Provisional Order in accordance with this paragraph shall constitute due and sufficient notice of the Provisional Order and any relief granted by this Court herein.

7. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Provisional Order shall be effective immediately and enforceable upon its entry; (b) neither the Debtor nor the Foreign Representatives are subject to any stay in the implementation, enforcement, or realization of the relief granted in this Provisional Order; and (c) the Foreign Representatives are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Provisional Order. Except as otherwise ordered by the Court, the relief granted in this

3

Provisional Order shall terminate without further order of the Court upon the first to occur of: (i) entry of an order recognizing the Irish Proceeding; (ii) entry of an order denying recognition to the Irish Proceeding, or (iii) the closing of this chapter 15 case.

8. This Provisional Order is without prejudice to the rights of any party to object to recognition of the Verified Chapter 15 Petition, and the rights of the Foreign Representatives to respond to any such objections, and nothing in this Provisional Order, including any findings of fact or conclusions of law contained in or related to this Provisional Order, shall be binding on the Court with respect to its consideration of any other matters in the above-captioned chapter 15 case, including the Verified Chapter 15 Petition. This Provisional Order is also without prejudice to the rights of the Foreign Representatives to seek further provisional relief pursuant to section 1519 of the Bankruptcy Code, and the rights of any party to object to such relief. This Provisional Order is without prejudice to the ability of any party to seek relief from the Provisional Order consistent with the Bankruptcy Code.

9. This Provisional Order shall be effective against the Flynn parties and the *Flynn, et al. v. IBRC, et al.* litigation (Civil Action No. 13-CV-3882 (S.D.N.Y.)) pending in the United States District Court for the Southern District of New York, described in Docket No. 34, pending a further evidentiary hearing with respect to the effectiveness of this Provisional Order with respect to such parties and matters, subject to extension, modification or termination of this relief by the Court at such hearing. Such evidentiary hearing is scheduled to commence at 11:00 a.m. on October 8, 2013.

10. This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the Motion or the implementation of this Provisional Order.

Dated: September 23, 2013
Wilmington, Delaware

Honorable Christopher S. Sontchi
UNITED STATES BANKRUPTCY JUDGE